[Crim. No. 3223. Second Appellate District, Division Two.—July 30, 1920.]

## THE PEOPLE, Respondent, v. MRS. F. McCADDON et al., Appellants.

[1] RED-LIGHT ABATEMENT ACT — ACTION TO ABATE NUISANCE — KNOWLEDGE OF OWNER UNNECESSARY.—In an action brought to abate a nuisance under the Red-light Abatement Act, a judgment supported on findings that acts of lewdness, assignation, and prostitution were conducted and maintained on the premises in question, regardless of the knowledge of the owner thereof, is sufficient.

[2] ID.—RIGHT TO JURY TRIAL.—In an action brought to abate a nuisance under the Red-light Abatement Act, it is not error to deny defendants a jury trial.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. S. Maloney for Appellants.

T. W. Duckworth and M. R. Hert for Respondent.

THOMAS, J.—This is an action brought to abate a nuisance under the Red-light Abatement Act (Stats. 1913, p. 20).

It is alleged in the complaint that defendant Joseph Ingersoll was the owner, and the reputed owner, of the premises known and described as the Chambers Hotel, in the city and county of San Bernardino; that the defendant Mrs. F. McCaddon "was and now is" in possession of the said premises; that divers acts of lewdness, assignation, and prostitution "now occur and continuously since the twenty-seventh day of September, 1917, have occurred, and now are and during all of said times have been committed in said building . . . by divers persons unknown to plaintiff"; that said premises were by the defendant Mrs. F. McCaddon used "for the purpose of lewdness, assignation, and prostitution"; that the defendant Joseph Ingersoll had the means of knowing the alleged acts occurring and permitted in said

building; and that the acts alleged constitute and are a nuisance, because whereof the said building—Chambers Hotel—"is a nuisance, being knowingly maintained as such." It further appears from the complaint that certain furniture and fixtures owned by the defendant Jane Doe Cassidy were, during all of the times mentioned therein, used by the defendant McCaddon in aiding and abetting said alleged nuisance.

Demurrers were interposed by the defendants Ingersoll and McCaddon, both of which were overruled. The defendant Ingersoll answered admitting that he was the owner of the building in question, but denying all other material allegations of the complaint. The other defendants did not answer.

Defendant McCaddon claims error in the court's action in overruling her demurrer. The facts in reference thereto are as follows: Mrs. McCaddon was served with summons and complaint on October 27, 1917, and filed her demurrer thereto on February 28, 1918, copy of which demurrer, however, was never served on plaintiff's counsel, the district attorney; the demurrer having been filed after the time allowed by law, and without leave of court, she was required by the court to argue her demurrer at the trial, which she refused to do, whereupon the court overruled the same and ordered that she answer the complaint forthwith, which action she likewise refused to take. The complaint was not vulnerable to the demurrer interposed. There was no error in any of the rulings referred to.

There was conflict in the evidence as to every material allegation with reference to the alleged nuisance, which conflict the court resolved in favor of the plaintiff; and, judgment being entered in favor of the plaintiff, defendants appeal therefrom.

Four points are urged by appellants for a reversal of the judgment: (1) Error of the court in overruling defendants' demurrers; (2) that the findings do not support the judgment, particularly as to the defendant Ingersoll; (3) that the court erred in denying defendants a jury trial; and (4) insufficiency of the evidence to sustain the findings and judgment. We consider each point to be without merit.

As to the first point urged, we think the complaint not vulnerable to the demurrers interposed; hence, the rulings thereon were correct.

Points 2 and 4 need no discussion. **[1]** The fact that the court did not find that Ingersoll had knowledge, etc., that such nuisance was being conducted on his premises, we think is immaterial. A judgment supported on findings that such nuisance was conducted and maintained on the premises in question, regardless of the knowledge of the owner thereof, is sufficient. Such knowledge on the part of the owner, under the act, is unnecessary. (*People* v. *Barbiere,* 33 Cal. App. 770, [166 Pac. 812]; *People* v. *Casa Co.,* 35 Cal. App. 194, [169 Pac. 454]; *People* v. *Bayside Land Co., ante,* p. 257, [191 Pac. 994]; *People* v. *Smith, ante,* p. 253, [191 Pac. 996].)

**[2]** As to the third point, the rule is too well established to need discussion here. This being an action for an injunction, neither the constitution nor the statute requires the submission of the issues to a jury. It is not error to deny a jury in any case where such right was not granted at common law. (*Cassidy* v. *Sullivan,* 64 Cal. 266, [28 Pac. 234]; *Woods* v. *Varnum,* 85 Cal. 639, [24 Pac. 843]; *People* v. *Powell,* 87 Cal. 348, [11 L. R. A. 75, 25 Pac. 481]; *Wheelock* v. *Godfrey,* 100 Cal. 578, [35 Pac. 317]; *Santa Cruz Co.* v. *Bowie,* 104 Cal. 286, [37 Pac. 934].)

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.