[Civ. No. 45103. First Dist., Div. One. Nov. 30, 1979.]

THE PEOPLE ex rel. KEITH SORENSON, as District Attorney, etc.,
Plaintiff and Respondent, v.
GALEN LEE RANDOLPH et al., Defendants and Appellants.

COUNSEL

Michael Kennedy and Thomas Steel for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria DeHart and Kristofer Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**NEWSOM, J.**—Easy Street Theatre is—or was, until the present action abated it out of existence—a nightclub in San Mateo, California, which featured pornographic films, nude dancing, and hired female companionship. Liquor was also served, usually at exorbitant prices.

On September 19, 1975, the District Attorney of San Mateo County filed a complaint against Easy Street to abate it as a public nuisance under Penal Code sections 11225-11235, the "Red Light Abatement Act."

Prior to filing the complaint, the district attorney's office had amassed considerable evidence that the premises were being used for allegedly immoral purposes; that, for example, cocktail waitresses regularly solicited acts of prostitution; that customers were (illegally)

"cadged" for drinks; that lewd acts such as masturbation were performed on customers, including police investigators; and, in general, that the ownership promoted a systematic course of illegal sexual acts such as to warrant closure of the premises as a public nuisance.

On appeal from the trial court's order of closure, the owners of Easy Street make several contentions of reversible error, which we proceed to discuss as follows.

I

Appellants' first argue that the trial court failed to make an essential finding of fact "as [to] the lewdness of any acts taking place on the premises."

We note, first, that in its memorandum of intended decision filed December 22, 1977, the trial court both concluded that lewd practices were condoned and encouraged, and stated with particularity the factual basis for such conclusion, while an advisory jury impanelled for the court's assistance returned verdicts embodying the same conclusion.

Appellants argue, however, that the memorandum of decision may not be substituted for an essential, missing finding of fact. (Cf. *South Bay Irr. Dist.* v. *California American Water Co.* (1976) 61 Cal.App.3d 944 [133 Cal.Rptr. 166]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 337, p. 3139.)

We agree, in general, that failure to find on a material issue will ordinarily amount to reversible error. There is an exception to the rule, however, where "'it is evident, in the light of the entire record, that if more complete findings had been made they would have been adverse to the contentions of the appellant.'"(*South Bay Irr. Dist., supra,* at p. 995.)

Invoking that exception seems appropriate here, where, if a formal finding on "lewdness" had been made, incontrovertibly it would have been adverse to appellants.

Public masturbation in a theatre by patrons of a pornographic film house has specifically been held to constitute "lewdness." (*People* v. *Mitchell* (1976) 64 Cal.App.3d 336, 340 [134 Cal.Rptr. 358].) And on the record before us, we find evidence, inter alia, that one Lisa, an Easy

Street waitress, attempted to administer a "hand job" [*sic*] to an investigating officer, while another waitress, "Peaches," proceeded so far with the same activity on the person of another officer, that the latter was obliged to beg her to desist.

■ As stated in *People v. Mitchell, supra:* "The occurrence of repeated instances of public masturbation, encouraged by the management of property by the flashing of warnings when police are known to be present, supports the inference that the property is used for a lewd purpose. Thus, the record here supports the trial court's determination that the theatre property is of a type described in Penal Code section 11225." (*Id.* at p. 340.)

We accordingly find no reversible error in the court's failure to make a specific finding of lewdness.

## II

■ Appellants' second contention is that the court erred prejudicially in failing to instruct the advisory jury as to "specific intent," as well as in failing to make "an ultimate finding as to the existence of any specific intent to perform a 'sexual act' beyond the offer of such an act."

Apparently appellants have misconceived both the nature of the proceedings and the function of the advisory jury. The operation of Penal Code section 11225 is not criminal, but equitable, in nature, and no specific intent need be shown, the statute only requiring that lewd acts be shown to have regularly occurred on the premises. (*People* ex rel. *Hicks* v. *Sarong Gals* (1974) 42 Cal.App.3d 556, 561 [117 Cal.Rptr. 24].) Moreover, "The correctness of the decision of the court, and not the propositions of law it laid down for the guidance of the [advisory] jury, is the question for determination..."(*Richardson* v. *City* of *Eureka* (1895) 110 Cal. 441, 446 [42 P. 965]; *Dominguez* v. *Dominguez* (1857) 7 Cal. 424, 426.) The claimed error is hence nonexistent.

## III

Appellants next argue error in denial of a jury trial to appellants, claiming that the abatement action is essentially personal and criminal.

■ As respondents point out, however, the purpose of the proceedings is the reformation of the property itself, rather than the abatement

of the specific acts constituting lewdness. (Cf. 47 Cal.Jur.3d, Nuisances, § 75, pp. 327-328; *People* ex rel. *Hicks* v. *Sarong Gals, supra,* 42 Cal.App.3d 556, 563.) No right to a jury trial exists in such proceedings. (*People* v. *McCaddon* (1920) 48 Cal.App. 790 [192 P. 325]; *People* v. *Peterson* (1920) 45 Cal.App. 457, 461-462 [187 P. 1079]; *People* v. *Barbiere* (1917) 33 Cal.App. 770, 778 [166 P. 812].)

*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283 [231 P.2d 832], cited by appellants as contrary authority, is in fact consistent with the general rule. There, after deferring to the general authorities holding that "'the right of trial by jury did not exist at common law in a suit to abate a public nuisance'" (*Id.,* at p. 298), the court went on to conclude that since the property before it did *not* constitute a public nuisance, its forfeiture was an issue to be tried before a jury (*id.,* at p. 300). (Cf. *C & K Engineering Contractors* v. *Amber Steel Co.* (1978) 23 Cal.3d 1, 8-9 [151 Cal.Rptr. 323, 587 P.2d 1136].)

We accordingly find no error in denial to appellants of a jury trial.

### IV

█ Appellants assert that the order of abatement unconstitutionally infringes upon its First Amendment rights as a prior restraint of their protected activities of showing pornographic films and nude dancing.

We agree that, as a practical matter, closure of Easy Street as a public nuisance "impinges" on appellants' rights of free speech and expression; and it is not argued on the facts before us that either the films or the nude dancing were obscene. (Cf. *Flack* v. *Municipal Court* (1967) 66 Cal.2d 981 [59 Cal.Rptr.872, 429 P.2d 192].) Such impingement, or interference, however, is not per se unconstitutional, provided it is a reasonable exercise of the state's police power pursuant to Penal Code section 11230. (*People* ex rel. *Hicks* v. *Sarong Gals, supra,* 42 Cal.App.3d 556, 562.) And, as in the *Hicks* case, appellants were, and are, free to engage in constitutionally permissible activities similar to those now precluded at Easy Street, in any other location.

Nor, in balancing these relative interests, need we view any such limited impingement on the subject activities with the same solicitude we might show were the interference with "[T]he right to hold a town hall meeting." (42 Cal.App.3d at p. 563.) The interference here seems minimal in view of the availability of other locations, while the state's

interest in abating public nuisances is substantial. ■ As said in *People* ex rel. *Van De Kamp* v. *American Art Enterprises, Inc.* (1977) 75 Cal.App.3d 523, 530-531 [142 Cal.Rptr. 338]: "Where, however, application of governmental restriction designed to regulate socially evil conduct rather than speech or press itself creates an indirect tension with the First Amendment and its California equivalent, a different principle applies. Then, '[the] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.' *(United States* v. *O'Brien* (1968) 391 U. S. 367, 377 . . .; see also *Crownover* v. *Music* (1973) Cal.3d 405, 422-423 . . ., cert. den., 415 U.S. 931 . . . [¶] The governmental interest in preventing that conduct is unrelated to speech or press. Granted that the burden is on the state to prove here that regulation of the prohibited conduct does not create an incidental infringement upon First Amendment rights which is 'greater than [that] essential to vindicate its . . . interests' *(Bursey* v. *United States* (9th Cir. 1972) 466 F.2d 1059, 1083), the record establishes conclusively that some regulation pursuant to the Red Light Abatement Law is appropriate." (Cf. *People* v. *Osuna* (1967) 251 Cal.App.2d 528, 532 [59 Cal.Rptr. 559].)

■ Appellants' final contention is that the abatement order "is overbroad under the rules of equity," i.e., that a narrowly drawn, less punitive order could have achieved the same result as the subject order.

The record before us shows that Easy Street had a history of police problems, and that prior warnings had gone unheeded.* Given the broad discretion conferred on trial courts in fashioning appropriate remedies to abate public nuisances (*People* ex rel. *Van De Kamp* v. *American Art Enterprises, Inc., supra,* 75 Cal.App.3d 523), we cannot say that closure for one year was inherently unreasonable, or an abuse of discretion.

Judgment affirmed.

Racanelli, P. J., and Elkington, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 24, 1980.

---

*The trial court found, indeed, that one instance of lewd conduct occurred while a temporary injunction was in effect, during pendency of the trial itself.