[No. B177406. Second Dist., Div. Eight. Jan. 9, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMESHBHAI C. BHAKTA et al., Defendants and Appellants.

COUNSEL

Frank A. Weiser for Defendants and Appellants.

Rockard J. Delgadillo, City Attorney, Debbie Lew, Assistant City Attorney, and Renee Rich, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

**FLIER, J.**—Appellants Rameshbhai C. Bhakta, Manharbhai G. Bhakta and Sarojben D. Bhakta, individually and doing business as the Boulevard Motel,

appeal from a preliminary injunction issued by the trial court restraining them from facilitating or encouraging prostitution or providing a place where prostitution can occur on the premises. We affirm.

## FACTS

Appellants either own or operate the motel, located on South Figueroa Street in the City of Los Angeles.[1] Since June 2001, law enforcement officers have made multiple arrests at the motel for prostitution and related crimes. Managers of the motel have been repeatedly arrested for keeping a disorderly house in violation of Penal Code section 316 and failing to properly maintain a motel register in violation of Los Angeles Municipal Code section 41.49. Despite these enforcement efforts, the motel has a reputation in the community as a place where prostitution is permitted to occur. Between June 2001 and the filing of this action, law enforcement officers have observed prostitution activity at the motel or made prostitution related arrests at least 31 times.

## PROCEDURAL HISTORY

On March 9, 2004, the Los Angeles City Attorney's Office brought an action against appellants on behalf of the People of the State of California (respondent) under the "Red Light Abatement Law" (Pen. Code, § 11225 et seq.) and the unfair competition law (Bus. & Prof. Code, § 17200 et seq.). Respondent sought a preliminary and permanent injunction under the Red Light Abatement Law restraining appellants from maintaining the property as a red light nuisance or permitting prostitution to take place on the property. Respondent also alleged under the unfair competition law that appellants' conduct in permitting the motel to be used for nuisance activities constituted an unfair business practice as the conduct unfairly detracted from the quality of life of the motel's neighbors, unfairly contributed to crime and gave appellants an unfair advantage over their competitors who followed the law. In addition to seeking a civil penalty for each act of unlawful competition, respondent sought injunctive relief against the continuation of the unfair or unlawful competition.

Respondent filed an ex parte application for an order to show cause why the court should not issue a preliminary injunction against appellants. Appellants specially appeared in opposition and objected that they and approximately 40 other motel owners had filed a federal civil rights action (42 U.S.C. §§ 1982, 1983 & 1985(3)) against the City of Los Angeles in the United States District Court, challenging the constitutionality of Los Angeles

---

[1] Rameshbhai Bhakta owns the motel and Manharbhai Bhakta and Sarojben Bhakta are the lessees of the motel.

Municipal Code section 41.49 and alleging enforcement of the municipal code section had violated their constitutional and federal statutory rights.

The trial court granted respondent's application for an order to show cause and set the matter for a hearing.

Appellants responded by filing a notice of removal of action to the federal district court and attaching a copy of a complaint they had filed against the City of Los Angeles in the federal civil rights action. The new complaint purported to seek removal of the state court nuisance abatement and unfair competition proceedings to federal district court under 28 United States Code section 1443(1), which permits removal of civil rights actions, and 28 United States Code section 1367, which confers upon the federal court supplemental jurisdiction over related state law claims. Appellants subsequently filed a removal of action in the federal district court and a supplemental notice of removal of action with the superior court. The state court proceedings were suspended after appellants' removal notice was filed.

Respondent filed a motion in the federal district court to remand the proceedings to state court. The federal district court granted a remand, ruling the federal court did not have jurisdiction over the state action and there were no grounds for removal under 28 United States Code section 1443(1) or section 1367. The remand order was filed with the superior court.

Appellants appealed from the federal district court's remand order. (28 U.S.C. § 1447(d).) However, they did not seek a stay from either the federal district court or the Ninth Circuit Court of Appeals. (See Fed. Rules App.Proc., rule 8 (28 U.S.C.).)

The superior court placed the matter back on calendar and scheduled a hearing on the order to show cause why the preliminary injunction should not be issued. Appellants answered the complaint and filed an opposition, arguing the superior court did not have jurisdiction to entertain respondent's action because appellants had appealed the district court's remand order and because the Los Angeles City Attorney lacked standing to bring either cause of action in the name of the People of the State of California. The superior court granted respondent's application for a preliminary injunction enjoining and restraining appellants from facilitating or encouraging prostitution or providing a place where prostitution can occur. A preliminary injunction issued and this timely appeal followed.

## CONTENTIONS

Appellants contend: (1) the trial court did not have jurisdiction to issue the preliminary injunction because appellants had appealed the federal district court's order remanding the action to state court; and (2) the Los Angeles City Attorney does not have authority to bring either a red light abatement action or an unfair competition action in the name of the People of the State of California. We disagree. The trial court had jurisdiction to issue the preliminary injunction since there was no stay of the federal court remand order. Further, the city attorney had standing to bring an action in the name of the People of the State of California under the Red Light Abatement Law and unfair competition law.

## DISCUSSION

### 1. *The Trial Court Had Jurisdiction To Grant the Preliminary Injunction*

Appellants contend the trial court lacked jurisdiction to grant the preliminary injunction because the federal appellate court had exclusive jurisdiction over this matter once appellants filed an appeal from the district court's remand order.

■ The appeal of a remand order does not deprive the state court of jurisdiction unless a stay is obtained from the federal court. (See 4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) § 6, p. 93; Fed. Rules App. Proc., rule 8(a) [party must ordinarily move first for stay of order in district court and then may seek relief from court of appeals or one of its judges].) ■ "[T]he pendency of the federal appeal [does] not, in and of itself, serve to oust the state court of jurisdiction to proceed." (*People v. Mason* (1968) 259 Cal.App.2d 30, 42 [66 Cal.Rptr. 601].) Although a removal petition deprives the state court of jurisdiction as soon as it is filed and served upon the state court, jurisdiction returns to the state court when a remand order is filed and served on the state court, unless that order is stayed. (*People v. Bogart* (1970) 7 Cal.App.3d 257, 264 [86 Cal.Rptr. 737].)

Appellants' appeal from the federal district court's remand order did not automatically divest the state court of jurisdiction to proceed with the proceedings on the preliminary injunction. Once the federal district court remanded the case to the state trial court, jurisdiction over the proceedings returned to the Los Angeles Superior Court. Because appellants did not obtain

a stay of the federal district court's remand order, the trial court below had jurisdiction to issue the preliminary injunction in this action.

2. *The Los Angeles City Attorney Has Standing to Prosecute This Action on Behalf of the People of the State of California*

Issues of law are subject to de novo review, and, when the grant or denial of a preliminary injunction is dependent upon construction of a statute or statutes, we independently determine the proper interpretation of the statute or statutes involved. (*California Air Resources Bd. v. Hart* (1993) 21 Cal.App.4th 289, 294 [26 Cal.Rptr.2d 153].)

We start "with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) We look first to the words of the statute because they are the most reliable indicator of legislative intent. (*In re J. W.* (2002) 29 Cal.4th 200, 209 [126 Cal.Rptr.2d 897, 57 P.3d 363].) If the language of the statute on its face answers the question, that answer is binding unless we conclude the language is ambiguous or does not accurately reflect the Legislature's intent. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1271 [135 Cal.Rptr.2d 654, 70 P.3d 1067].) We may resolve statutory ambiguities by examining the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].)

Viewing the statutes involved, we agree with the trial court that the city attorney has standing and properly brought both the red light abatement action and the unfair competition action in the name of the People of the State of California.

A. *The City Attorney Properly Brought the Red Light Abatement Action on Behalf of the People of the State of California*

The Red Light Abatement Law provides that every building or place used for the purpose of prostitution, gambling, lewdness or assignation or upon which such conduct occurs "is a nuisance which shall be enjoined, abated, and prevented, . . . whether it is a public or private nuisance." (Pen. Code, § 11225, subd. (a).) Penal Code section 11226 provides that "the district attorney, in the name of the people of the State of California, or *the city attorney of an incorporated city or any city and county* may . . . maintain an action in equity to abate and prevent the nuisance and to perpetually enjoin" persons conducting or maintaining the red light nuisance or the owners, lessees or agents of the building or place, from directly or indirectly maintaining or permitting the nuisance. (Italics added.)

Appellants contend the City Attorney of Los Angeles could, and should, have brought this action "in his own name" under Penal Code section 11226.[2] They assert the omission of a comma after the words "city and county" indicates that only the district attorney may bring a red light abatement action in the name of the People of the State of California. We disagree.

■ The Legislature created two distinct categories of parties who "may" bring the action, grouping city attorneys with district attorneys as a distinct category from ordinary residents. That the Legislature intended to allow the city attorney equal stature with the district attorney is made clear by the provision in Penal Code section 11226 specifying that the complaint in a red light abatement action "shall be verified unless filed by the district attorney *or the city attorney*." (Italics added.) ■ It is plain from the statute as a whole that the Legislature intended the city attorney to have equal status and authority to represent the people of the state by excepting both the district attorney and the city attorney from the requirement the complaint be verified. The absence of a comma after "city and county" is therefore inconsequential.

The conclusion that the city attorney has equivalent authority with the district attorney to bring suit to abate a red light nuisance in the name of the People of the State of California is also reinforced by Penal Code section 11230, subdivision (c), which allows civil penalties against defendants in such an action and specifies that one-half of such penalties collected be paid to a state restitution fund and one-half to "the city in which the judgment was entered, if the action was brought by the city attorney or city prosecutor," or to the treasurer of the county in which the judgment was entered, "[i]f the action was brought by a district attorney." By providing that a portion of the penalties be awarded to the county if prosecuted by the district attorney or to the city if prosecuted by the city attorney or city prosecutor, the Legislature further expressed its intent that both should have equal status and a concurrent right to bring such actions.[3]

---

[2] Penal Code section 11226 reads in its entirety:

"Whenever there is reason to believe that a nuisance as defined in this article is kept, maintained, or is in existence in any county, the district attorney, in the name of the people of the State of California, or the city attorney of an incorporated city or any city and county may, or any citizen of the state resident within the county in his or her own name may, maintain an action *in equity to abate and prevent the nuisance and to perpetually enjoin the person* conducting or maintaining it, and the owner, lessee, or agent of the building or place, in or upon which the nuisance exists, from directly or indirectly maintaining or permitting it.

"The complaint in the action shall be verified unless filed by the district attorney or the city attorney."

[3] This interpretation is also supported by Code of Civil Procedure section 731, which specifically gives the city attorney the right to bring a civil action "in the name of the people of the State of California" in order to abate a public nuisance. The Legislature provided in section 731 that the district attorney and the city attorney "shall have concurrent right to bring such

Appellants cite *Board of Supervisors v. Simpson* (1951) 36 Cal.2d 671, 674 [227 P.2d 14] *(Simpson)*, for the proposition that only district attorneys should file red light abatement actions. However, the issue in *Simpson* was whether it was more appropriate for a district attorney for Los Angeles County or the Los Angeles County Counsel to file an abatement action under the "Red Light Abatement Act," as it was known at the time. *(Id.* at pp. 674–675.) The Supreme Court reasoned that, unlike the county counsel, the district attorney is a prosecutor and red light abatement actions are auxiliary to the enforcement of criminal law. *(Id.* at p. 674.)

At the time *Simpson* was decided, the pertinent provision of the Red Light Abatement Act read: "Whenever there is reason to believe that such [red light] nuisance is kept, maintained or exists in any county or city and county, the district attorney of said county or city and county, in the name of the people of the State of California, must, or any citizen of the state resident within said county or city and county, in his own name may, maintain an action in equity . . . ." (Stats. 1913, ch. 17, § 3, pp. 20–21.) The Act further provided that "[t]he complaint in such action must be verified unless filed by the district attorney." (Stats. 1913, § 4, p. 21.)

The Red Light Abatement Act was codified and became part of the Penal Code in 1953. (Stats. 1953, ch. 35, § 1, pp. 646–649.) As enacted in 1953, the first paragraph of Penal Code section 11226 provided that, when there is reason to believe a red light nuisance "is kept, maintained or is in existence in any county, the district attorney, in the name of the people of the State of California, must, or any citizen of the State resident within said county, in his own name may, maintain an action in equity . . . ." (Stats. 1953, ch. 35, § 1, p. 647.) The second paragraph of section 11226 further provided, "The complaint in such action must be verified unless filed by the district attorney." *(Id.,* p. 648.) Section 11226 accordingly did not explicitly indicate the city attorney had the right to bring a red light abatement action under the statute. In 1987, however, the Legislature amended section 11226 to make this right explicit, deleting the word "must" after "State of California" and adding the words "shall, or the city attorney of an incorporated city," in the first paragraph and adding "or the city attorney" at the end of the second paragraph.[4] (See Historical and Statutory Notes, 51C West's Ann. Pen. Code

---

action for a public nuisance existing within a town or city," and both officers *must* bring such an action whenever directed by the board of supervisors or legislative authority as the case may be. (Code Civ. Proc., § 731.)

[4] As amended in 1987, the statute read: "the district attorney, in the name of the people of the State of California, *shall, or the city attorney of an incorporated city*, or any citizen of the state resident within the county, in his or her own name may, maintain an action in equity . . . ." (Stats. 1987, ch. 1076, § 6, p. 3643, italics added.) The second paragraph was amended to its present language to read: "The complaint in the action shall be verified unless filed by the district attorney *or the city attorney*." *(Ibid.,* italics added.)

(2000 ed.) foll. § 11226, p. 662.) This amendment rendered *Simpson* inapplicable to the issue before us.

The Legislature amended Penal Code section 11226 again in 2002, deleting the word "shall" after "State of California" and adding the city attorney of any city and county to the list of public officials who may file a red light abatement action, so that the statute provided: "the district attorney, in the name of the people of the State of California, or the city attorney of an incorporated city or any city and county may, or any citizen of the state resident within the county, in his or her own name may, maintain an action in equity . . . ." (Stats. 2002, ch. 1057, § 5.) The Legislative Counsel's Digest described the 2002 amendment as follows: "Existing law provides that every building or place used for the purpose of illegal gambling, as defined, lewdness, assignation, or prostitution is a nuisance with respect to which the county district attorney is required, and a city attorney of an incorporated city is authorized, to maintain an action to abate the nuisance. [¶] This bill would provide instead and in addition that the county district attorney and the city attorney of any city and county are authorized to maintain an action to abate a gambling or prostitution nuisance." (Legis. Counsel's Dig., Assem. Bill No. 1868 (2001–2002 Reg. Sess.) Summary Dig.) It is reasonable to presume the Legislature amended the section with the intent and meaning expressed in the Legislative Counsel's Digest. (*People v. Superior Court* (*Douglass*) (1979) 24 Cal.3d 428, 434 [155 Cal.Rptr. 704, 595 P.2d 139].) This legislative history indicates the Legislature intended to give the district attorney and the city attorney of any city and county equivalent authority to maintain an action to abate a red light nuisance.

In 2003, the Legislature made minor amendments to Penal Code section 11226, including the deletion of the comma after the phrase "any citizen of the state resident within the county," so that the pertinent language now reads: "the district attorney, in the name of the people of the State of California, or the city attorney of an incorporated city or any city and county *may*, or any citizen of the state resident within the county in his or her own name *may*, maintain an action in equity . . . ." (Stats. 2003, ch. 62, § 237.) By its placement of the word "may," the amendment underscores two categories of plaintiffs that are authorized by the Legislature to bring a suit in equity, namely, "the district attorney, in the name of the people of the State of California, or the city attorney of an incorporated city or any city and county" and "any citizen of the state resident within the county *in his or her own name*." (*Ibid.*, italics added.) Since section 11226 gives the district and city

attorneys equivalent status in enforcing red light abatement laws, and since both district and city attorneys are public officers, both may bring suit in the name of the People of the State of California.

To interpret Penal Code section 11226 as disallowing the city attorney from bringing an action to abate a red light nuisance in the name of the People of the State of California would do violence to the clear intent of the Legislature.

B. *The City Attorney Properly Brought the Unfair Competition Action on Behalf of the People of the State of California*

We disagree with appellants' contention that the City Attorney of Los Angeles may not bring an action under the unfair competition law in the name of the People of the State of California.

Business and Professions Code section 17204 provides an action under the unfair competition law "shall be prosecuted . . . by . . . any city attorney of a city, or city and county, having a population in excess of 750,000 . . . in the name of the people of the State of California." Section 17206, subdivision (a) of the Business and Professions Code provides that penalties for unfair competition may be assessed and recovered in a civil action "brought in the name of the people of the State of California . . . by any city attorney of a city, or city and county, having a population in excess of 750,000."[5] We take judicial notice that the City of Los Angeles is a city having a population in excess of 750,000. (Evid. Code, §§ 452, subds. (g), (h), 459, subd. (a).)

The foregoing provisions empower the Los Angeles City Attorney to bring and maintain an action under the unfair competition law in the name of the People of the State of California. Appellants' contention that the city attorney may prosecute an action under the unfair competition law only when there is a violation of a city ordinance contravenes the plain text of Business and Professions Code sections 17204 and 17206 and is for that reason without merit. In any case, the complaint alleges appellants did act in violation of a city ordinance in failing to properly maintain a motel register under Los Angeles Municipal Code section 41.49.

---

[5] Business and Professions Code sections 17204 and 17206 were amended by sections 3 and 4 of Proposition 64, which the voters approved on November 2, 2004. Those amendments, however, are not relevant to this appeal.

## DISPOSITION

The judgment is affirmed. Respondent is to recover costs on appeal, including reasonable attorney fees, the amount of which shall be determined upon proper application to the trial court. (Civ. Code, § 3496, subd. (b); *People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387–388 [211 Cal.Rptr. 501] [Civ. Code, § 3496 authorizes award of reasonable attorney fees and costs of necessary investigation and discovery to prevailing party on appeal in action by governmental agency to enjoin nuisance].)

Cooper, P. J., and Rubin, J., concurred.