[No. B190437. Second Dist., Div. Eight. May 6, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMESHBHAI C. BHAKTA et al., Defendants and Appellants.

974

COUNSEL

Frank A. Weiser for Defendants and Appellants.

Rockard J. Delgadillo, City Attorney, Asha Greenberg, Assistant City Attorney, and Katharine Schonbachler, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

FLIER, J.—Appellants Rameshbhai C. Bhakta, Manharbhai G. Bhakta and Sarojben D. Bhakta, individually and doing business as Boulevard Motel, appeal from a judgment and amended judgment in favor of respondent the People of the State of California and an award to respondent of $100,000 in attorney fees and costs. The judgments permanently enjoin appellants from facilitating or encouraging prostitution, or providing a place where prostitution can occur on the premises, pursuant to the "Red Light Abatement Law" (Pen. Code, § 11225 et seq.) and unfair competition law (Bus. & Prof. Code, § 17200 et seq.). We hold (1) the trial court did not err in proceeding with a bench trial since appellants were not entitled to a jury trial and (2) the court properly exercised its discretion in awarding attorney fees and costs. We affirm the judgment and order awarding attorney fees and costs but vacate the amended judgment.

## FACTS AND PROCEDURAL HISTORY

This is the second appeal in this case. The background facts are set forth in our prior opinion. (*People v. Bhakta* (2006) 135 Cal.App.4th 631 [37

Cal.Rptr.3d 652].) To briefly summarize, appellants are owners and operators of a motel located on South Figueroa Street in the City of Los Angeles. Dating from June 2001, law enforcement officers made multiple arrests at the motel for prostitution and related crimes. Managers of the motel were repeatedly arrested for keeping a disorderly house in violation of state criminal law and failing to properly maintain a motel register in violation of the municipal code. In March 2004, respondent filed a complaint against appellants alleging that appellants had permitted a public nuisance to exist at the motel. Respondent sought equitable remedies, including a permanent injunction under the Red Light Abatement Law and unfair competition law. In June 2004, respondent obtained a preliminary injunction from the trial court, which appellants appealed. In January 2006, we issued our decision affirming the issuance of the preliminary injunction. (*People v. Bhakta, supra,* 135 Cal.App.4th 631.)

The underlying case proceeded in the interim. Appellants requested a jury trial, and respondent filed a motion for an order finding no entitlement to a jury trial. The court denied the motion, "[t]here being no right to a jury trial."

A bench trial ensued in January 2006 over the course of six days. On February 8, 2006, the court issued a judgment, finding that appellants had operated and maintained the motel in a manner that violated the Red Light Abatement Law and unfair competition law. The judgment granted respondent a permanent injunction and ordered appellants to pay respondent $10,000 in civil penalties under Business and Professions Code section 17206. The court further awarded respondent attorney fees, investigative costs and court costs incurred in the case, as well as the fees and costs incurred in defending against appellants' appeal of the preliminary injunction. The parties stipulated that respondent would have additional time to file a motion for attorney fees and investigative costs.

On April 6, 2006, appellants timely filed an appeal from the judgment.

On April 21, 2006, pursuant to Civil Code section 3496, subdivision (b), respondent filed a motion for attorney fees and investigative costs seeking fees of about $147,000 and investigative costs of about $23,000, a total of roughly $180,000. The request was supported by declarations and, a breakdown of the component costs and fees, including a lodestar calculation of the hours expended multiplied by the hourly rates claimed in pursuing the action.

The court heard respondent's motion on June 8, 2006, and granted respondent attorney fees and investigative costs of $100,000. The court indicated this amount was substantially less than requested by respondent and the sum of $100,000 was "appropriate" for this case. The court entered an

order awarding respondent such fees and costs on June 20, 2006. For reasons not reflected in the record, on the same date, the court also entered an amended judgment incorporating the award of attorney fees and investigative costs of $100,000 and court costs of about $2,000.

Appellants timely filed an "amended" notice of appeal from the "amended judgment" and from other orders of the court that were entered on June 20, 2006.[1]

Respondent subsequently moved this court to dismiss appellants' first appeal, on the ground the amended judgment rendered the first appeal moot, and to grant sanctions. We deferred ruling on respondent's motions.[2] On our own motion, we consolidated the two appeals for purposes of briefing, oral argument and decision.

## STANDARD OF REVIEW

Whether appellants are entitled to a jury trial is an issue of law which we review de novo. (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 23 [24 Cal.Rptr.3d 233].) An award of attorney fees is within the sound discretion of the trial court, and we will not disturb the award unless we find a manifest abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [95 Cal.Rptr.2d 198, 997 P.2d 511]; *City of Oakland v. McCullough* (1996) 46 Cal.App.4th 1, 9 [53 Cal.Rptr.2d 531].) Abuse of discretion is found only if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination. (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 [94 Cal.Rptr.2d 448].) The appellate court will interfere only if, under all the evidence viewed in the light most favorable to the judgment, no reasonable judge would have made the challenged order. (*Hull v. Rossi* (1993) 13 Cal.App.4th 1763, 1767 [17 Cal.Rptr.2d 457].)

## DISCUSSION

1. *Appellants Were Not Entitled to a Jury Trial*

■ Appellants contend that they were entitled to a jury trial in the matter and that the trial court erred in conducting a bench trial. We disagree. The right to a jury trial is determined by whether the right existed at common law

---

[1] We liberally construe the "amended" notice of appeal to be taken from the order granting attorney fees and investigative costs entered on the same date as the amended judgment, although the notice did not specifically refer to such order. (Cal. Rules of Court, rule 8.100(a)(2); *Luz v. Lopes* (1960) 55 Cal.2d 54, 59–60 [10 Cal.Rptr. 161, 358 P.2d 289].)

[2] In light of our discussion *post*, we now deny those motions.

at the time when the California Constitution became the law of the state of California in 1850. (*People v. Frangadakis* (1960) 184 Cal.App.2d 540, 545 [7 Cal.Rptr. 776].) An action to abate a public nuisance did not exist at common law, and therefore there was no right to a jury trial in such an action in 1849. For this reason, it is not a constitutional right now. (*Id.* at p. 546.)

■ In *C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8 [151 Cal.Rptr. 323, 587 P.2d 1136], our Supreme Court stated: "The right to a jury trial is guaranteed by our Constitution. (Cal. Const., art. I, § 16.) We have long acknowledged that the right so guaranteed, however, is the right as it existed at common law in 1850, when the Constitution was first adopted, 'and what that right is, is a purely historical question, a fact which is to be ascertained like any other social, political or legal fact.' [Citations.] As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.' [Citations.]" Thus, at common law, the right to a jury trial existed for actions at law only, and there was no right to jury in an equitable action.

■ " 'If the action has to deal with ordinary common-law rights cognizable in courts of law, it is to that extent an action at law.' " (*People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 299 [231 P.2d 832].) However, if an action in effect is one in equity and the relief sought depends upon the application of equitable doctrines, there is no right to a jury trial. (*C & K Engineering Contractors, supra,* 23 Cal.3d at p. 9; *Caira v. Offner, supra,* 126 Cal.App.4th at pp. 23–24.) "In classifying a given action as legal or equitable, the court looks to its substance, viz., the nature of the rights at issue and the remedy sought." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 845 [57 Cal.Rptr.3d 363].) A jury trial must be granted if the "gist" of the action is legal. (*People v. One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at p. 299.)

■ The complaint in this action alleged that appellants permitted a prostitution nuisance to exist at their motel. Respondent sought equitable remedies, including a permanent injunction. The purpose of the suit was to abate the public nuisance on the premises and to reform the property. Viewing the caption, allegations and prayer of the complaint, the "gist" of this action is equitable. The first cause of action is entitled "Red Light Abatement and Injunctive Relief" and the second cause of action seeks relief for unfair competition. The first cause of action alleges the action is brought "for the purpose of enjoining and abating a red light nuisance." The second cause of action alleges appellants are "unjustly enriched" to the extent they fail to pay the costs of complying with their obligations to maintain the motel property free of prostitution nuisance activity, and it alleges respondent has no adequate remedy at law. The prayer seeks a preliminary and permanent injunction and, among other things, seeks to abate the nuisance.

■ Traditionally, there is no right to a jury trial in a public nuisance case because the action itself and the remedies sought are both equitable. " 'The right of trial by jury did not exist at common law in a suit to abate a public nuisance.' " (*People v. One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at p. 298; see also *People v. Frangadakis, supra,* 184 Cal.App.2d 540, 545 ["We have found no case which holds that at common law in 1850 a party to an action was entitled to a jury trial of a purely equitable action to abate a nuisance."]; *People v. McCaddon* (1920) 48 Cal.App. 790, 792 [192 P. 325] ["This being an action for an injunction, neither the [C]onstitution nor the statute requires the submission of the issues to a jury"].) "Actions seeking injunctive relief are, of course, equitable in nature." (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 120, p. 187; see *Caira v. Offner, supra,* 126 Cal.App.4th at p. 27, fn. 9.) ■ Moreover, in *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278, 284 [51 Cal.Rptr.3d 519], we recently held that an action for unfair competition sounds in equity, not law, since the unfair competition law provides for only equitable remedies. (See also *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 179 [83 Cal.Rptr.2d 548, 973 P.2d 527].)

Appellants rely on language in *People v. One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at page 300, which states, "At common law, prior to the adoption of the Constitution, a party against whom the forfeiture of property used in violation of law . . . was sought to be enforced was entitled to a trial by jury." In that case, however, the court found the property involved did not constitute a public nuisance and therefore its forfeiture was an issue to be tried before a jury. (*Id.* at p. 300; see *People ex rel. Sorenson v. Randolph* (1979) 99 Cal.App.3d 183, 189 [160 Cal.Rptr. 69].) Here, respondent is seeking only to abate a nuisance, not to enforce a forfeiture of the property.

Our opinion in *Wisden v. Superior Court* (2004) 124 Cal.App.4th 750 [21 Cal.Rptr.3d 523] is also distinguishable. In *Wisden,* we held that a judgment creditor was entitled to a jury trial on her claim for fraudulent conveyance. (*Id.* at p. 754.) As we explained, the right to jury trial in an action to recover an alleged fraudulent conveyance of a determinate sum of money had existed at common law in 18th-century England, and we knew of no authority suggesting any change had occurred in the common law from that time to 1849, when the California Constitution was adopted. (124 Cal.App.4th at pp. 755–756, 760.) Because a plaintiff in a fraudulent conveyance action historically had the right to a jury trial, we directed the trial court to vacate its order denying the plaintiff that right. (*Id.* at p. 760.) The present case, however, is not one for fraudulent conveyance but for public nuisance, which historically was not triable to a jury.

The trial court properly ruled appellants were not entitled to a jury trial.

### 2. *The Court Properly Exercised Its Discretion in Awarding Attorney Fees and Costs*

Appellants contend the court erred in awarding attorney fees and investigative costs to respondent. They argue that the trial court appears to have "split" the difference from what was requested by respondent ($180,000), first reducing the amount to $90,000 and then increasing the figure to $100,000 upon respondent's urging. Appellants claim there is no way to determine with this record whether the court exercised its discretion in making the award.

However, the trial court's award was well within the court's discretion, as the amount awarded was clearly allowed by statute (Civ. Code, § 3496; *City of Oakland v. McCullough*, *supra*, 46 Cal.App.4th 1, 8) and supported by hundreds of pages of documentation detailing the bases of the fees and costs. During the hearing, the court observed respondent was obliged to incur investigative costs in repeatedly sending officers to the premises during discovery and suffered the costs of trial. The court ruled the amount awarded was a "reasonable" and "appropriate" amount under the circumstances.

Appellants have failed to establish error by the court in making the award. It is appellants' burden to establish an abuse of the court's discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) The amount awarded is not so large as to shock the conscience or suggest the court acted out of passion or prejudice.

### 3. *The Court Had No Jurisdiction to Enter an "Amended" Judgment*

Neither party raised the issue whether the trial court properly could enter an amended judgment once a judgment had been filed and appellants had appealed from that judgment. Since it concerns the trial court's jurisdiction to act, we invited the parties to provide, and have considered, supplemental briefs on the issue.

Without specifying a specific sum, the judgment awarded respondent "attorney[] fees, costs and court costs incurred" in this case, as well as fees and costs respondent incurred in defending against appellants' prior appeal of the preliminary injunction. The judgment provided that payment should be made to respondent "via a cashier's check." Appellants filed a notice of appeal of the judgment, and, pursuant to stipulation, respondent then moved for attorney fees and investigative costs. As noted, the court entered an order granting respondent attorney fees and investigative costs of $100,000, an order that we affirm.

However, the court also inexplicably issued an "amended judgment" that not only incorporated the amount of fees and costs awarded but apparently changed some of the language in the prior judgment. The amended judgment appears to contain substantive changes beyond the insertion of the amounts awarded for attorney fees, investigative costs and court costs. For example, the amended judgment purports to add language that "[a]ny future costs relating to enforcement and/or modification of the [j]udgment shall also be recoverable by [respondent] in a sum according to proof."

■ The trial court acted in excess of its subject matter jurisdiction by entering an amended judgment modifying the terms of the permanent injunction after a notice of appeal had been filed. In *Holtum v. Grief* (1904) 144 Cal. 521, 524–525 [78 P. 11], overruled on another point in *Phelan v. Superior Court* (1950) 35 Cal.2d 363, 371 [217 P.2d 951], our Supreme Court said: "The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely or by inadvertence, they may be set aside on a proper showing [citation], and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth [citation], but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio*. [Citations.]" (Accord, *Fallon v. Superior Court* (1939) 33 Cal.App.2d 48, 52–53 [90 P.2d 858]; see also *Stevens v. Superior Court* (1936) 7 Cal.2d 110, 113–114 [59 P.2d 988]; *APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 185 [90 Cal.Rptr.2d 171].)

The amended judgment, therefore, cannot stand.

On the other hand, it is quite clear that the trial court had jurisdiction to hear and determine the issues of attorney fees and costs after the judgment had been entered. The resulting order is appealable as an order entered after the judgment under Code of Civil Procedure section 904.1, subdivision (a)(2). (*Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 223 [226 Cal.Rptr. 265]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2007) ¶ 2:156, p. 2-72.12 (rev. #1, 2006).) In light of this circumstance, and as we have already noted (fn. 1, *ante*), we deem the appeal of the award of attorney fees and costs to have been taken from the postjudgment order awarding these items.

## DISPOSITION

The judgment and order awarding attorney fees and costs are affirmed and the amended judgment is vacated. Respondent is to recover costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

A petition for a rehearing was denied May 29, 2008, and appellants' petition for review by the Supreme Court was denied July 23, 2008, S164440.