Filed 6/8/22  Kling v. Horn CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ANTHONY N. KLING et al.,<br><br>      Plaintiffs and Appellants,<br><br>      v.<br><br>STEVEN J. HORN,<br><br>      Defendant and Respondent. | B310164<br><br>(Los Angeles County<br>Super. Ct. No. BC682318) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, David Sotelo, Judge.  Reversed.

Kling Law Firm and Anthony N. Kling; Law Office of David Knieriem and David Knieriem for Plaintiffs and Appellants.

Valerie F. Horn & Associates and Valerie F. Horn for Defendant and Respondent.

# INTRODUCTION

This is the third appeal in long-running litigation between attorney Steven Horn and his former client, Anthony Kling (also an attorney), litigation that continues, even as we decide this appeal. Kling and three entities he is associated with—Kling Corporation, 3123 SMB LLC, and Lincoln One Corporation (the Kling Entities)—appeal from a postjudgment, post-notice-of-appeal order awarding Horn attorneys' fees. The trial court initially entered a judgment that stated each side was to bear its fees and costs. Horn filed a motion to amend the judgment to remove that provision, in preparation for filing a motion for attorneys' fees. But before the court ruled on Horn's motion, Kling filed a notice of appeal from the judgment. The trial court eventually granted Horn's motion to amend the judgment, amended the judgment to delete the provision stating each side was to bear its fees and costs, and issued an award of attorneys' fees in favor of Horn and against Kling and the Kling Entities.

Kling and the Kling Entities appeal, contending the trial court did not have jurisdiction to amend the judgment and award attorneys' fees after Kling filed his notice of appeal. They have a point: Because the original judgment stated each side was to bear its costs and fees, the trial court did not have jurisdiction to amend the judgment while it was on appeal. Though there are exceptions to this rule, Horn does not argue any of them applies. Therefore, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal, as did the previous two, arises out of a fee dispute between Kling and Horn that began in 2014. (See *Kling v. Horn* (Dec. 14, 2021, B305967) [nonpub. opn.] (*Kling I*); 3*123 SMB LLC v. Horn* (Dec. 14, 2021, B309412) [nonpub. opn.] (*Kling II*).) For purposes of this appeal, we can start in September 2018, when an arbitrator issued an award in favor of Horn and against Kling. Horn filed a petition to confirm the arbitration award, which Kling opposed. The trial court granted Horn's petition to confirm and, on March 6, 2020, entered judgment in favor of Horn and against Kling.[1]

The judgment confirming the arbitration stated that "each side [is] to bear [its] own costs and fees." On March 16, 2020 Horn filed a motion "to correct" this portion of the judgment, arguing his retainer agreement with Kling included an attorneys' fee provision that authorized him to recover attorneys' fees and costs incurred in his petition to confirm the arbitration award. Horn also sought to add the Kling Entities to the judgment as judgment debtors under Code of Civil Procedure section 187.

Kling filed a notice of appeal from the judgment before the court ruled on Horn's motion to amend. In July 2020 the trial court granted Horn's request to correct the portion of the judgment requiring each side to bear its fees and costs and his

---

[1] The trial court entered judgment against Kling individually and as trustee of the Anthony N. Kling Trust of 1997. References to Kling include Kling in both capacities.

request to add the Kling entities as judgment debtors.[2] Regarding the former, the court ruled that "Horn is entitled to fees and costs based on the retainer agreement" and that the court would award Horn attorneys' fees "after the appropriate motion is filed."

The court did not file an amended judgment until September 28, 2020. In the amended judgment the court purported to strike the portion of the judgment stating each side was to bear its fees and costs and purported to add the Kling Entities as judgment debtors. Three weeks later Horn filed a motion for attorneys' fees, seeking fees against both Kling and the Kling Entities. A substantial portion of the attorneys' fees Horn sought were fees incurred confirming the arbitration award and obtaining the original judgment against Kling. The court granted Horn's motion and awarded him $119,010 in attorneys' fees against Kling and the King Entities. Kling and the entities timely appealed from the order.

## DISCUSSION

A. *The Trial Court Erred in Awarding Fees Against the Kling Entities*

In *Kling II*, *supra*, B309412, we reversed the September 28, 2020 amended judgment because we concluded the trial court did not have jurisdiction to add the Kling Entities as judgment debtors after Kling filed his notice of appeal in *Kling I*.

---

[2]    Horn had filed a notice of cross-appeal of the original judgment but abandoned the cross-appeal after the trial court granted his motion to amend.

The parties agree, as do we, that because we reversed the amended judgment that added the Kling Entities, the court erred in awarding attorneys' fees against those entities.

    B.    *The Trial Court Erred in Awarding Fees Against Kling*

The procedural mess created by the court entering an amended judgment after Kling filed a notice of appeal from the original judgment makes evaluating whether the trial court erred in awarding attorneys' fees against Kling a little more complicated. Code of Civil Procedure section 916 states that, unless one of the listed exceptions applies, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, . . . but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." "When triggered, the automatic stay bars all proceedings" in the trial court "that 'directly or indirectly seek to "enforce, vacate or modify [the] appealed judgment"'" (*LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 872; see *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*)), and generally divests the trial court of the "'power to amend or correct its judgment.'" (*Vosburg v. Vosburg* (1902) 137 Cal. 493, 496; accord, *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 912; *Estate of Hirschberg* (1964) 224 Cal.App.2d 449, 466-467; *Huskey v. Berini* (1955) 135 Cal.App.2d 613, 617; *Linstead v. Superior Court* (1936) 17 Cal.App.2d 9, 12; see *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666 ["an appeal from a judgment order strips the trial court of any authority to rule on the judgment"].) "Indeed, [Code of

5

Civil Procedure] section 916, as a matter of logic and policy, divests the trial court of jurisdiction over the subject matter on appeal—i.e., jurisdiction in its fundamental sense." (*Varian*, at p. 198; accord, *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 842; see *People v. Bhakta* (2008) 162 Cal.App.4th 973, 981 ["trial court acted in excess of its subject matter jurisdiction by entering an amended judgment modifying the terms of the permanent injunction after a notice of appeal had been filed"].)

"By contrast, an appeal does not stay proceedings on 'ancillary or collateral matters which do not affect the judgment [or order] on appeal' even though the proceedings may render the appeal moot." (*Varian, supra*, 35 Cal.4th at p. 191; see *Association for Los Angeles Deputy Sheriffs v. Macias* (2021) 63 Cal.App.5th 1007.) As Kling acknowledges, generally "an award of attorney fees as costs is a collateral matter which is embraced in the action but is not affected by the order from which an appeal is taken," and "[c]onsequently, filing of a notice of appeal . . . does not prevent the trial court from determining a proper award of attorney fees claimed as costs." (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369; see *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 161 ["'The primary example of collateral matters not affected by a notice of appeal are awards of attorney fees or sanctions.'"].)

Kling argues, however, that because the original judgment stated each side was to bear its costs and fees, the order awarding Horn attorneys' fees was not collateral to the judgment. Again, Kling has a point. By amending the judgment to remove the provision stating each side was to bear its fees and costs, the court "directly" sought to "'modify [the] appealed judgment.'"

6

(*Varian, supra*, 35 Cal.4th at p. 189; see *LAOSD Asbestos Cases*, *supra*, 28 Cal.App.5th at p. 872.) Similarly, by issuing an order awarding costs and fees to Horn—an award that included the costs and fees Horn incurred to obtain the original judgment—the trial court "indirectly" sought to "'modify [the] appealed judgment.'" (*Varian*, at p. 189; see *LAOSD Asbestos Cases*, at p. 872) By granting Horn's motion for attorneys' fees to amend the prior judgment that each side was to bear its fees and costs, the trial court effectively amended the judgment, which the court had no jurisdiction to do after Kling filed his notice of appeal. (See *People v. Bhakta, supra,* 162 Cal.App.4th at p. 981 [trial court acted in excess of jurisdiction by adding to a judgment, after a party had filed a notice of appeal from the judgment, that "'[a]ny future costs relating to enforcement and/or modification of the [j]udgment shall also be recoverable'"].)

The facts here differ from those where courts have held an award of attorneys' fees was collateral to an appealed judgment or order. In none of those cases did the trial court state in the appealed-from judgment or order that neither side was entitled to fees and costs. (See, e.g., *Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1052 [trial court had jurisdiction to consider a motion for attorneys' fees after the plaintiff filed a notice of appeal from a judgment following an order granting a motion for summary judgment]; *People v. Bhakta, supra*, 162 Cal.App.4th at pp. 980-981 [after the defendant filed a notice of appeal from a judgment that awarded the plaintiff "'attorney[ ] fees, costs and court costs incurred'" in the case, the "trial court had jurisdiction" to rule on a motion for attorney fees and costs]; *Bankes v. Lucas*, *supra*, 9 Cal.App.4th at pp. 368-369 [trial court had jurisdiction to award attorneys' fees incurred in postjudgment proceedings

7

after the defendant filed a notice of appeal from a judgment awarding damages and attorneys' fees]; *In re Marriage of Sherman* (1984) 162 Cal.App.3d 1132, 1136, 1140 [in a marriage dissolution action, the trial court had jurisdiction to consider the wife's motion for attorneys' fees after the husband filed notice of appeal from an order denying a request to terminate spousal support].)

Significantly, Horn has not responded to any of Kling's arguments why the court erred in awarding fees against Kling (aside from conceding the award against the Kling Entities was improper). Horn does not, for example, contend any exception applies that would have permitted the trial court to amend the judgment and award fees to Horn after Kling filed his notice of appeal (though there may be some that apply). (See *County of Butte v. Bach* (1985) 172 Cal.App.3d 848, 867 [deeming "matter submitted on the [opening] brief" where the respondent did not respond to the appellant's contentions]; see also *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2005) 128 Cal.App.4th 307, 371 fn. 2.)[3]

---

[3] Because we reverse the order on the ground the trial court did not have jurisdiction to award attorneys' fees after Kling filed his notice of appeal, we do not consider Kling's argument that Horn's request for attorneys' fees was untimely.

## DISPOSITION

The order granting Horn's motion for attorneys' fees is reversed. The parties are to bear their costs on appeal.


SEGAL, J.


We concur:



PERLUSS, P. J.



FEUER, J.