Filed 4/4/24  Deen v. Deen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ISHA DEEN et al.,<br><br>        Plaintiffs, Cross-Defendants, and Appellants,<br><br>        v.<br><br>CHODRY DEEN et al.,<br><br>        Defendants, Cross-Complainants, and Respondents. | D079971<br><br><br>(Super. Ct. No. 37-2016-00022636-CU-OR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Dismissed.

Todd Daniel Beld for Plaintiffs, Cross-Defendants, and Appellants.

Sana Deen and Sidrah Deen, in pro. per., for Defendants, Cross-Complainants, and Respondents.


INTRODUCTION

This appeal arises from a dispute between two factions of a family over a home purchased in Rancho Santa Fe.  Each side—Isha Deen and her husband, Kashif Khwaja (the Khwaja family) and Sana and Sidrah Deen,

sisters of Isha, and their now-deceased father Chodry Deen (the Deen family) —sought quiet title as to the other, as well as to remove any cloud on title, in an action in the superior court.

Isha filed a notice of removal to remove the action in its entirety, including all cross claims, to the United States Bankruptcy Court. Shortly after filing her notice of removal, Isha voluntarily dismissed her bankruptcy proceeding, and then asserted this constituted a dismissal of the entire action. The bankruptcy court disagreed and remanded the case back to the superior court. The Khwaja family appealed the remand order to the Bankruptcy Appellate Panel (BAP), and although they initially sought a stay pending appeal, they later voluntarily withdrew that motion for a stay.

Following the remand order from the bankruptcy court, the Khwaja family filed in the superior court a "Motion for Injunction." Despite how they styled their motion, in substance, the Khwaja family sought a stay of the superior court proceedings pending their appeal in the BAP. The superior court denied the motion, resulting in this appeal.

On our de novo review, we conclude the relief sought in the Khwaja family's "Motion for Injunction" was to stop or stay the superior court proceedings. Because a motion to stay is not appealable, we lack jurisdiction to consider this appeal.[1] We also decline to exercise our discretion to treat the appeal as a petition for writ relief. For these reasons, we shall dismiss the appeal in its entirety.

---

[1]     On our own motion, we took judicial notice of the superior court records in this case and requested supplemental briefing on the question of appealability.

2

FACTUAL AND PROCEDURAL BACKGROUND

Although this case has a long and complicated history, we focus only on the facts necessary to our consideration of appealability.

In July 2016, the Khwaja family commenced an action in superior court against the Deen family to quiet title to a home purchased in Rancho Santa Fe. The Deen family cross-complained with a competing quiet title cause of action. The superior court bifurcated trial on the quiet title causes of action from other causes of action, and denied both claims. The Khwaja family appealed the judgment. In March 2019, we dismissed that appeal as an appeal of a non-final judgment given the remaining unadjudicated causes of action. (*Deen v. Deen* (Mar. 13, 2019, D073538) app. dism.)

As trial on the remaining claims approached, in September 2019, Isha filed a voluntary Chapter 13 bankruptcy petition. In December 2019, Isha filed a notice of removal to remove the superior court action to the United States Bankruptcy Court, commencing an adversary proceeding.[2]

In April 2020, Isha requested a dismissal of her bankruptcy petition, which the court granted. On April 10, in the adversary proceeding, the bankruptcy court issued a notice to the parties pursuant to Local Bankruptcy Rule 7041–2[3] stating that Isha's bankruptcy petition was *dismissed* and the

---

[2]    An adversary proceeding is a proceeding, in bankruptcy court and connected to a bankruptcy proceeding, "to determine a claim or cause of action removed under 28 U.S.C. § 1452." (Fed. Rules Bankr. Proc., rule 7001(10); March & Shapiro, Cal. Practice Guide: Bankruptcy (The Rutter Group 2023) ¶ 20:1.)

[3]    At that time, Local Bankruptcy Rule 7041–2 provided that, after dismissal of a bankruptcy proceeding, a related adversary proceeding "may be dismissed" unless a party moves to continue the adversary proceeding. (U.S. Bankruptcy Court, Southern Dist. of Cal., Local Bankruptcy Rules, rule 7041-2(a) (February 1, 2020, revision).)

adversary proceeding would be *closed* unless a party sought to continue the proceeding. In May 2020, the bankruptcy court closed the adversary proceeding.

In December 2020, the Deen family moved to reopen the adversary proceeding and remand this case back to superior court. In February 2021, the bankruptcy court granted the motion, reopening the adversary proceeding and remanding this case to the superior court.

The Khwaja family filed a notice of appeal of the reopening and remand order and a motion to stay the order pending appeal in bankruptcy court. Shortly thereafter, the Khwaja family withdrew the motion to stay the order.

In February and March 2021, the Khwaja family filed two "notices" in bankruptcy court claiming that Isha's adversary proceeding had been dismissed and stating they were voluntarily dismissing the adversary proceeding citing Local Bankruptcy Rule 7041–2 and related federal rules of procedure.

In March 2021, the BAP denied a motion by the Khwaja family for stay pending appeal, directing them to make the motion first in bankruptcy court as required by bankruptcy rules. From the record before us, it does not appear the Khwaja family did so.

In November 2021, the Khwaja family filed the "Motion for Injunction."[4] In sum, the Khwaja family contended that the superior court lacked jurisdiction because Isha had removed the case to bankruptcy court,

---

[4] The Khwaja family also sought dismissal in a "Motion to Vacate Dates or Dismiss for Lack of Jurisdiction," which the superior court denied. The Khwaja family does not challenge this ruling on appeal, recognizing that there is no basis in Code of Civil Procedure section 904.1, subd. (a)(1)–(13) for appeals of an order to dismiss.

4

the case had been dismissed in bankruptcy court, and the order to reopen the case was on appeal in the BAP, which therefore held jurisdiction.

Based on the alleged absence of jurisdiction, the Khwaja family sought a court order requiring the Deen family to "[s]top discovery and litigation of the case in [s]uperior [c]ourt as the case is removed, dismissed and is under appeal" and to strike or withdraw certain documents. They asserted the court should grant a preliminary injunction as defined by Code of Civil Procedure[5] section 525. Continuing the litigation in superior court during the BAP appeal, they argued, would result in waste and irreparable injury (§ 526, subd. (a)(2)), a violation of their rights in the Property (§ 526, subd. (a)(3)), and a multiplicity of proceedings (§ 526, subd. (a)(6)). The Khwaja family also argued the BAP appeal operates as a stay of the conflicting superior court proceedings under section 916.

At the hearing on the "Motion for Injunction," Isha cited section 526, subdivision (a)(6), but spent the remainder of her argument discussing section 916 and the BAP appeal.

In December 2021, the superior court denied the Khwaja family's "Motion for Injunction." It found that the bankruptcy court had remanded the case and the Khwaja family had not obtained a stay from any federal court. It is this denial order the Khwaja family now appeals.[6]

---

[5]    Further undesignated statutory references are to the Code of Civil Procedure.

[6]    After they filed this appeal, in March 2023, the Khwaja family filed a petition to this court for writ of supersedeas seeking to enforce a section 916 automatic stay or to obtain a discretionary stay of the superior court proceedings during the pendency of this appeal and their appeal before the BAP. We summarily denied the writ petition.

5

In June 2022, the BAP issued a decision affirming the order reopening and remanding the case. Relevant here, the BAP concluded Isha's adversary proceeding had merely been *administratively closed*, not dismissed. The BAP also determined the bankruptcy court did not abuse its discretion in remanding the case to the superior court. The Khwaja family has now appealed the BAP decision to the Ninth Circuit.

In April 2023, the bankruptcy court issued a "Notice of **Remand** of Case" clarifying that, "pursuant to the order of this Court entered on 2/12/21," (the remand order) the case "has been remanded" to the Superior Court of San Diego.[7]

## DISCUSSION

### I.

### *Appellate Jurisdiction Is Lacking*

"Generally, a reviewing court acts in the procedural context of either a direct appeal or a writ proceeding." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Ibid.*) A trial court order is not appealable unless "made so by statute." (*Ibid.*; see also *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083 ["In the absence of a statute authorizing an appeal, we lack jurisdiction to review a case even by consent, waiver, or estoppel."].) Section 904.1, subdivision (a), provides the statutory bases for appeals.

The Khwaja family asserts appellate jurisdiction exists under section 904.1, subdivision (a)(6), which permits an appeal from an order "refusing to

---

[7] On our own motion, we take judicial notice of the bankruptcy court's current docket in the Adversary Proceeding, including the Notice of Remand. (Evid. Code, §§ 459, subd. (a), 452, subd. (d); see *Van Zant v. Apple Inc.* (2014) 229 Cal.App.4th 965, 971, fn. 3.)

grant or dissolve an injunction." We first examine whether the "Motion for Injunction" truly sought an injunction. Because it does not, we conclude appellate jurisdiction is lacking.

It is the nature of the relief sought, rather than the label placed on a motion, that determines the nature of a motion. (*PV Little Italy, LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142–143; *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 ["The proposition that a trial court may construe a motion bearing one label as a different type of motion is one that has existed for many decades. 'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words.' "].) This principle applies in the context of an injunction. (*Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th 140, 145 (*Brown*) ["Whether a particular order constitutes an appealable injunction depends not on its title or the form of the order, but on 'the substance and effect of the adjudication.' " (Internal quotation marks omitted.)].) Consequently, it is not dispositive that the Khwaja family titled their motion as a "Motion for Injunction," or that the superior court borrowed the Khwaja family's chosen title in the drafting of its minute order.[8]

To determine the nature of the relief sought, we look to the language of the motion. In the motion, the Khwaja family pointed to section 525, which describes an injunction as "a writ or order requiring a person to refrain from a particular act." The motion sought "to stop Respondent from proceeding with this action" and to "[s]top discovery and litigation of the case in

---

[8] The Khwaja family cites to *Lytwyn v. Fry's Electronics, Inc.* (2005) 126 Cal.App.4th 1455, 1468, an unpublished case after being superseded by Supreme Court grant of review in *Lytwyn v. Fry's Electronics Inc.* (Cal. 2005) 28 Cal.Rptr.3d 3, and not republished. We therefore decline to address it. (Cal. Rules of Court, rule 8.1115(a).)

7

[s]uperior [c]ourt as the case is removed, dismissed and is under appeal in the BAP." As they explained in their opening brief on appeal, the Khwaja family "seek[s] to preserve the status quo while substantial issues of law, challenging the jurisdiction of both the bankruptcy court and the superior court below to proceed with the State Court Action, whether in the adversary proceeding in federal bankruptcy court or in the action below on the complaint, are determined in the pending appeals."

These requests mirror "[t]he purpose of the automatic stay provision of section 916, subdivision (a) '[which] is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.'" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).) In substance, then, the Khwaja family sought a court order staying the superior court proceedings pending the BAP appeal.[9]

That the relief sought was for the Deen family to stop an action does not automatically render the requested relief injunctive in nature: "[a] court order nearly always requires some action or inaction from one or both parties or their counsel" which "does not render nearly all court orders injunctive in nature." (*Brown*, *supra*, 42 Cal.App.5th at p. 145.) When an order involves the court's authority to control the litigation before it, the order is not, in substance, an injunction. (*Ibid*.) Here, the Khwaja family sought an order requiring the Deen family to refrain from action in the court's *own* proceeding, which is not injunctive relief.

Rather, injunctions necessary to prevent the "multiplicity of judicial proceedings" (Code Civ. Proc., § 526, subd. (a)(6); Civ. Code, § 3423) are

---

9      At the time of the motion, the appeal was in front of the BAP. The BAP since rendered decision, and the Khwaja family has appealed to the Ninth Circuit.

issued by one California court as to a concurrent action involving the same dispute in a different California tribunal or court of a different state. (See *Advanced Bionics Corp. v. Medtronic, Inc.* (2002) 29 Cal.4th 697, 705–706.) In the case cited by the Khwaja family, for example, *Scott v. Industrial Acc. Com.* (1956) 46 Cal.2d 76, 79–82, the petitioner sought in superior court to halt concurrent proceedings in front of the Industrial Accident Commission arising out of the same personal injuries. The Khwaja family fails to cite any authority for the proposition that a court order denying a request to prevent an action within its own proceeding is an order denying an injunction.

We are also unpersuaded by the Khwaja family's argument on reply that they sought a permanent injunction "to avoid the *litigation* itself" not "to keep the *subject* of litigation in status quo" because of their belief the case had been dismissed in bankruptcy court. This argument contradicts the text of their "Motion for Injunction" and the text of their opening brief on appeal. In addition, federal court orders are final and have res judicata effect until they are reversed on appeal. (See *Sosa v. DIRECTV, Inc.* (9th Cir. 2006) 437 F.3d 923, 928 ["[I]n federal courts, a district court judgment is 'final' for purposes of res judicata. This is so even during the pendency of an appeal. Moreover, '[a] federal [district court] judgment is as final in California courts as it would be in federal courts.' " (Internal citations and quotation marks omitted.)]; *Lumpkin v. Jordan* (1996) 49 Cal.App.4th 1223, 1230 ["A federal judgment 'has the same effect in the courts of this state as it would have in a federal court.' The federal rule is that 'a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition.' " (Internal citations and quotation marks omitted.)].)

9

The BAP's decision affirming the reopening of this case based on the conclusion that the adversary proceeding had not been dismissed is currently final and holds res judicata effect. The nature of potential relief in superior court was a stay pending appeal, not a determination of the merits of the issue on appeal.

Because the Khwaja family sought a stay of the superior court proceedings, not an injunction, section 904.1, subdivision (a)(6) does not apply. The Khwaja family suggests no other statutory basis for immediate appellate jurisdiction, nor do we see any. (*Brown*, *supra*, 42 Cal.App.5th at p. 144 ["the appellant bears the burden of establishing the appealability of [an interlocutory] ruling" ].) Rather, orders refusing to enforce the stay of proceedings pending appeal are reviewable by writ or from the final judgment in the case. (See *Varian, supra*, 35 Cal.4th at p. 201 ["[T]he trial court's and Court of Appeal's refusals to stay proceedings pending appeal could be reviewed on an appeal from the judgment."]; *Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 572 ["the appropriate method of challenging the denial of an order to enforce the stay arising under section 916 is a petition for writ of supersedeas"].) We thus lack jurisdiction to consider this appeal.[10]

---

[10]   To the extent the Khwaja family appeals the denial of the portions of the motion seeking to strike pleadings based on "forged documents," the superior court's ruling is likewise appealable only upon final judgment in the case. (*Walnut Producers of California v. Diamond Foods, Inc.* (2010) 187 Cal.App.4th 634, 641.)

It is also unclear whether the Khwaja family additionally sought to have the recordation of these documents undone. The Khwaja family failed to include grounds for the withdrawal of recorded documents in the notice of motion or the "Motion for Injunction." The motion merely stated that the court can "request Respondent to administratively withdraw, all false documents and allegations." Because they "made at best a brief conclusory argument on this ground, unsupported by any legal authority," we conclude the Khwaja family failed to adequately move for an order requiring the

## II.

*We Decline to Exercise Writ Review*

On reply, the Khwaja family alternatively requests that we exercise writ review. Although we have the power to treat an appeal as a petition for writ of mandate, "we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; accord *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 300.) A case may present sufficiently unusual circumstances where the trial court made a substantive error and judicial economy would not be served by deferring resolution until final judgment. (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 746.)

Here, we discern no unusual or extraordinary circumstances that support immediate review of the motion for stay. To the contrary, there are several circumstances that make writ review inappropriate.

First, we have already considered and denied the Khwaja family's petition for writ of supersedeas. They have provided no new information or arguments suggesting writ review is warranted.

Second, a reversal by the Ninth Circuit would render this appeal unnecessary, one policy reason for the one final judgment rule. (*Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 443 ["Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken." (Internal citations omitted.)].)

Third, we see no risk of contradictory decisions. Distinct issues remain in front of different courts. In the Ninth Circuit, there is the procedural

---

withdrawal of recorded documents. (*LAOSD Asbestos Cases* (2023) 87 Cal.App.5th 939, 954.)

bankruptcy question, governed by bankruptcy statutes and rules, whether Isha's adversary proceeding was dismissed or merely closed. On the other hand, the merits of the state law causes of action are in front of the superior court on remand.

Finally, the BAP's decision determining that the adversary proceeding was not dismissed, but rather was properly reopened, is final unless and until it is reversed by the Ninth Circuit. The mere existence of the appeal in federal court does not prevent the superior court from proceeding: " '[t]he appeal of a remand order does not deprive the state court of jurisdiction unless a stay is obtained from the federal court.' " (*Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 794.)

In sum, no unusual circumstances exist to warrant an immediate second review of the denial of a stay pending appeal, or an immediate determination of the merits of an issue on appeal in the Ninth Circuit.

## DISPOSITION

The appeal is ordered dismissed. The appellants, the Khwaja family, shall bear costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


DO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.

12